UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 05-61335-CIV-JORDAN
(ELEVENTH CIRCUIT APPEAL NO. 07-15894-D)

JOE SOLO et. al,  )
        Plaintiffs  )
 )
vs.  )
 )
CHIQUITA INTERNATIONAL BRANDS, )
INC., et. al,  )
        Defendants  )

### ORDER DENYING OWEN SILVIOUS' MOTION TO PROCEED IFP ON APPEAL AND REQUIRING MR. SILVIOUS TO POST RULE 7 APPELLATE BOND FOR COSTS

Mr. Silvious' motion [D.E. 127] to proceed in forma pauperis (IFP) on appeal, which is a request to not have to prepay appellate filing fees and to have those fees taken out of his prison account over time, is DENIED pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(2). I hereby certify in writing that the appeal is frivolous and "is not taken in good faith." My reasons are set forth below.[1]

In mid-August of 2007, Mr. Silvious, a federal prisoner in North Carolina,[2] sent a letter (dated August 15, 2007) to the court opting out of the class and also purporting to opt out on behalf of other potential class members in other states.[3] In an order dated August 31, 2007, I treated Mr.

---

[1] Mr. Silvious' motion to amend the order unsealing his IFP motion [D.E. 128] is DENIED.

[2] Mr. Silvious is currently serving a 105-month federal sentence for his involvement in a $1 million mail fraud scheme in Wisconsin. See United States v. Silvious, 512 F.3d 364 (7th Cir. 2008) (affirming Mr. Silvious' conviction and sentence). He was previously convicted of wire fraud and bank fraud in federal court in Virginia. See United States v. Silvious, 946 F.2d 888, 1991 WL 209840 (4th Cir. 1991) (addressing motion to vacate filed by Mr. Silvious).

[3] Although I instructed the clerk to file Mr. Silvious' opt out letter in the docket, see Order [D.E. 98], that instruction was apparently not followed and the letter was not filed. The letter, however, is attached as part of Exhibit 1 to the Plaintiffs' Opposition to Mr. Silvious' Motion to Proceed IFP [D.E. 129] and as part of the Appendix to Mr. Silvious' Reply Memorandum [D.E.

Silvious' letter as an individual request to opt out, and told Mr. Silvious that he could not opt out on behalf of other people. *See* Order [D.E. 98]. On November 21, 2007, after a fairness hearing, I entered a final order approving the class settlement. In that order, I found that Mr. Silvious was an opt out, pursuant to his August 2007 letter. *See* Final Approval of Class Settlement and Final Judgment [D.E. 119] at ¶ 12.

Mr. Silvious' current appeal to the Eleventh Circuit is not taken in good faith because Mr. Silvious, as an opt out, does not have standing to challenge the class settlement by way of an appeal. *See, e.g., In re Integra Realty Resources, Inc.,* 262 F.3d 1089, 1103 (10th Cir. 2001); *In re Brand Name Prescription Drugs Antitrust Litigation,* 115 F.3d 456, 457 (7th Cir. 1997); *Mayfield v. Barr,* 985 F.2d 1090, 1092-93 (D.C. Cir. 1993). Given the obvious lack of standing, the appeal is frivolous. *See Rudolph v. Allen,* 666 F.3d 519, 520 (11th Cir. 1982).

In his reply, Mr. Silvious now contends, for the first time, that he really did not opt out of the class. He asserts that, on September 11, 2007, he sent a second letter to the court withdrawing his prior opt out. He attaches a copy of that purported letter in the appendix to his reply [D.E. 133]. That letter contains a declaration under penalty of perjury by Mr. Silvious (purportedly executed on the date of mailing) that he placed the letter in the BOP inmate mail system. This purported September 11 letter, however, was not copied to any of the counsel in the case, was not sent to the claims administrator, was not received by the court, and is not part of the docket in this case.

Despite Mr. Silvious' declaration under penalty of perjury, I find that Mr. Silvious never mailed the September 11 letter withdrawing his prior opt out. I assume that the "mailbox" rule of *Houston v. Lack,* 487 U.S. 266 (1988), applies here, *cf. Garvey v. Vaughn,* 993 F.2d 776, 783 (11th Cir. 1993) (*Houston v. Lack* applies to prisoner suits under 42 U.S.C. § 1983 and the FTCA) but, there is evidence in the record that contradicts the declaration under penalty of perjury in the purported September 11 letter and makes that declaration entitled to little or no weight. *See generally Grady v. United States,* 269 F.2d 913, 918 (8th Cir. 2001) (under certain circumstances, court may decide not to give much weight to prisoner's affidavit/declaration under *Houston v. Lack*). First, Mr. Silvious' own prisoner trust account [D.E. 127, Exh. 2] does not show that there were any

---

133]. A copy of the opt out letter is attached to this order for ease of reference.

deductions for postage around September 11, 2007. *See Gracy v. United States,* 131 Fed. Appx. 180, 181 (11th Cir. 2005) (in determining whether prisoner actually mailed legal document, court can consider, among other things, whether postage was deducted from prisoner's account on date of purported mailing). Second, Mr. Silvious has not presented a copy of his correctional institution's mail log to show that he in fact mailed a letter to the court on September 11. Third, on September 18, 2007, Mr. Silvious filed a motion for the court to not approve the proposed class action settlement [D.E. 101]. In that motion, Mr. Silvious referred to his August 2007 opt out letter, and to my order treating him as an individual opt out. At no point in this September 18 motion did Mr. Silvious make any mention of any September 11 letter withdrawing his prior opt out.[4] Fourth, even after receiving the final order approving the settlement, Mr. Silvious did not ask for reconsideration of my finding that he had opted out (as would be expected if he had really mailed the September 11 letter withdrawing his August 15 opt out). Fifth, as reflected in the letters he has sent to counsel (attached as exhibits 3 and 4 to the plaintiffs' opposition memorandum [D.E. 129]), Mr. Silvious is using the threat of an appeal to obtain money for himself (to the exclusion of the class to which he claims he belongs) or for organizations which, as of now, do not appear to exist. These are additional "relevant circumstances," *see Allen v. Culliver,* 471 F.3d 1196, 1198-99 (11th Cir. 2006), which show that Mr. Silvious never mailed the purported September 11 letter and that he has now created the letter in an after-the-fact attempt to manufacture standing or at least create some type of legal issue for appeal.

In sum, Mr. Silvious opted out of the class in this case, and is not bound by the settlement agreement. As an opt out, he has no standing to challenge the settlement on appeal, and his appeal is therefore frivolous and not taken in good faith. The motion to proceed IFP on appeal is DENIED.

Having denied Mr. Silvious' IFP motion, I am also exercising my discretion and granting in part the request made by the plaintiffs that Mr. Silvious be required to post an appellate bond. I am requiring Mr. Silvious to post a cost bond in the amount of $1,000 under Fed. R. App. P. 7 to ensure

---

[4] In the end, I did not address Mr. Silvious' September 18 motion or purported objection on the merits because I determined that he had opted out, and as an opt out, he had no standing to object to the proposed settlement.

payment of costs on appeal. *See Pedraza v. United Guaranty Corp.*, 313 F.3d 1323, 1337 (11th Cir. 2002). That bond must be posted within 30 days of this order. Despite my finding of frivolity, I am not requiring Mr. Silvious to post an appellate bond for attorney's fees at this time. *Cf. Young v. New Process Steel LP,* 419 F.3d 1201, 1207-09 (11th Cir. 2005) (if court is going to require civil rights plaintiff to post appellate bond to cover not just costs, but also attorney's fees, it must find that the appeal is frivolous or without foundation).

The clerk shall transmit a copy of this order to the Eleventh Circuit.

DONE and ORDERED in chambers in Miami, Florida, this 24th day of March, 2008.

*Adalberto Jordan*
Adalberto Jordan
United States District Judge

Copy to: All counsel of record

Owen Silvious, pro se
Reg. No. 16497077
FCI-2
P.O. Box 1500
Butner, NC 2750

U.S. District Court, Appellate Section

August 15, 2007

Clerk of the Court
Southern District of Florida
US Court House
301 North Miami Avenue
Miami, FL 33128

Dear Sir/Madam:

RE: Solo, et el., v. Chiquita Brands International Inc. et el.
    Civil Action No: 05-61335-CIV-JORDAH/KLEIN

Reference to the proposed settlement in the above class action, I hereby opt-out of the settlement on behalf of myself and other individuals in the states of Virginia, West Virginia and North Carolina.

Thank you for your help in this matter.

Sincerely,

*[signature]*

Owen F Silvious
225-22 Indian Hollow Road
Winchester, VA 22603
540-722-8062

*[handwritten note: Docket sheet does NOT show receipt by clerk of court.]*

P.S. Please send me copy of docket sheet.

3-4

September 11, 2007 (Tuesday)

*Copy*

Clerk of Court
United States District Court
Southern District of Florida
United States Court House
301 North Miami Avenue
Miami, Florida 33128

Dear Sir/Madam:

   Re: Joe Solo, et seq., v. Chiquita Brands International Inc., et seq.
      Civil Action No: 05-61335-Jordan

This letter is to inform you that I hereby cancel my opt-out Notice dated August 15, 2007.

                              Sincerely,

                              Owen F Silvious
                              225-22 Indian Hollow Road
                              Winchester, VA 22603


### AFFIDAVIT

I declare under penalty of perjury that I place this Notice in the FCI-2 Butner, mail system on September 11, 2007, postage prepaid addressed to the Clerk of the Court. 28 USC 1746 applies.

Dated this 11th day of September 2007 at FCI-2 Butner, NC.

                              _____
                              Owen F Silvious

*[Handwritten note, left:] Clerk: Please send me copy of docket sheet*

*[Handwritten note, right:] Docket sheet does not show receipt by Clerk of Court. Letter of opt-out or cancellation.*